#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>      Plaintiff,<br><br>   v.<br><br>MARS HOSPITALITY, LLC d/b/a MOTEL 6;<br>PITTSBURGH LODGING, LLC d/b/a ECONOLODGE INN & SUITES also d/b/a MICROTEL INN & SUITES; and HIREN I. PATEL<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Mars Hospitality, LLC d/b/a Motel 6 ("Mars"), Pittsburgh Lodging, LLC d/b/a Econolodge Inn & Suites also d/b/a Microtel Inn & Suites ("Pittsburgh Lodging"), and Hiren I. Patel ("Patel"), collectively hereinafter referred to as "Defendants," from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

  1.  Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

  2.  Defendant Mars is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 900 Chauvet Drive, Pittsburgh,

Pennsylvania 15275.  Defendant is engaged in the operation of a hotel providing accommodations to paying customers at 19025 Perry Highway, Mars, Pennsylvania 16046, within the jurisdiction of this Court.

3. Defendant Pittsburgh Lodging is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 1097 Wayne Avenue, Chambersburg, PA 17201.  Defendant is engaged in the operation of a hotel providing accommodations to paying customers at 900 Chauvet Drive, Pittsburgh, Pennsylvania 15275, within the jurisdiction of this Court.

4. Defendant Patel is manager and partial owner of Mars and Pittsburgh Lodging. Defendant Patel has actively controlled and managed Mars and Pittsburgh Lodging, regulated the employment of persons employed at Mars and Pittsburgh Lodging, acted directly or indirectly in the interest of Mars and Pittsburgh Lodging in relation to their employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, and supervising employees day-to-day.  Defendant Patel was directly involved in setting pay rates for the employees of Mars and Pittsburgh Lodging.  Defendant Patel is an employer of said employees within the meaning of Section 3(d) of the Act.

5. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in the operation of a hotel engaged in providing accommodations to the public, who are handling materials that have been moved in or

produced for commerce. This includes, but is not limited to, the use and handling of materials that have been moved in interstate commerce such as bath tissues, laundry detergent and other supplies that are shipped from outside the Commonwealth of Pennsylvania. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendants are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing housekeeping and front desk personnel in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

8. For example, during the period from at least January 29, 2015, through at least November 5, 2017, Defendants' employees, including employees listed in the attached Schedule A, working in housekeeping and front desk positions, regularly worked over 40 hours in a workweek and Defendants failed to compensate such employees one and one half times their regular rate for hours worked in excess of 40 hours in a workweek. Workweeks for these employees ranged from approximately 40 hours to 70 hours, but these employees did not receive and time and one-half their regular rate for their overtime hours worked.

9. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate pay and time records for their employees, as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

Specifically, Defendants falsified the hours worked by employees reflected in the payroll records.  Defendants would divide the actual overtime hours worked by 1.5 and show the falsified overtime hours in the payroll.  This was done so that Defendants could hide the fact that they were not paying an overtime premium for hours worked in excess of 40 hours in a workweek.  Defendants also destroyed the time records that showed the actual hours worked and failed to make time records for all employees.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)    For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)    For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of January 29, 2015, through at least November 5, 2017, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages.  Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after November 5, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)    In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those

persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Post Office Address:

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106
Fax: (215) 861-5162

Oscar L. Hampton III
Regional Solicitor

Adam F. Welsh
Regional Counsel for Wage and Hour

*/s/ John Strawn*
John Strawn
Attorney
PA ID# 49789
Strawn.john@dol.gov
(215) 861-5145

*/s/ Bertha M. Astorga*
Bertha M. Astorga
Attorney
PA ID# 320644
Astorga.Bertha.M@dol.gov
(215) 861-5126

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff